[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12385

_____

COREY J. ZINMAN,

Plaintiff-Appellant,

*versus*

L.A. FITNESS INTERNATIONAL LLC,
a Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20315-BB

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Corey Zinman, an attorney proceeding pro se, sued L.A. Fitness under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* He alleged that in December 2020, L.A. Fitness denied him the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations on the basis of his religion when it failed to accommodate his sincerely held religious objection to L.A. Fitness's mask mandate.

L.A. Fitness moved to dismiss the complaint for failure to state a claim. Zinman countered by filing a motion for sanctions against L.A. Fitness's counsel, alleging that she made false or misleading statements of law and fact in the motion to dismiss. L.A. Fitness, in turn, moved for sanctions against Zinman, arguing that Zinman used the Rule 11 motion as a litigation tactic to strongarm L.A. Fitness into withdrawing its motion to dismiss. Zinman also moved for a temporary restraining order and preliminary injunction and for leave to amend his complaint a second time. The proposed amendment would have added Palm Beach County as a defendant and pleaded compliance with the statute's notice requirement.

In an omnibus order, the district court dismissed Zinman's complaint for failure to state a claim because he failed to allege facts

to support his allegation that L.A. Fitness's mask policy was selectively enforced against Zinman because of his religion. The district court denied Zinman's motion for sanctions against L.A. Fitness's counsel. Finding the motion "wholly inappropriate and patently frivolous," the district court granted the L.A. Fitness motion for sanctions against Zinman, ordering him to certify that he "read and understood The Florida Bar Creed of Professionalism." In the same order, the district court denied Zinman's motion for a temporary restraining order and preliminary injunction as moot in light of the dismissal and denied Zinman's motion for leave to amend the complaint as futile. Zinman now appeals the district court's omnibus order.

With the benefit of oral argument and after careful review of the parties' briefing and Zinman's amended complaint, we agree with the district court that Zinman failed to state a claim upon which relief can be granted. We also agree that Zinman's proposed amendment would be futile. Accordingly, we affirm the district court's order to the extent that it (1) grants L.A. Fitness's motion to dismiss, (2) denies Zinman's motion for leave to amend the complaint, and (3) denies Zinman's motion for a temporary restraining order and preliminary injunction.

We also agree with the district court that Zinman's motion for sanctions against L.A. Fitness's counsel was frivolous and therefore conclude that the district court did not abuse its discretion in denying the motion. And because Zinman already filed his notice of compliance, we dismiss his appeal of the sanction

4                          Opinion of the Court                    21-12385

against him as moot.  *See RES-GA Cobblestone, LLC v. Blake Constr. & Dev., LLC*, 718 F.3d 1308, 1314–15 (11th Cir. 2013).

\*     \*     \*

Zinman's appeal of the district court's sanction order against him is **DISMISSED** as **MOOT**.  In all other respects, the district court's omnibus order is **AFFIRMED**.